UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDWARD S. WIN,<br><br>    Plaintiff,<br><br>v.<br><br>LAURA SALAS, et al.,<br><br>    Defendants. | Case No. 18-CV-00840-LHK<br><br>**ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 11, 12 |

Plaintiff Edward S. Win ("Plaintiff") sues Defendant Laura Salas ("Salas") and County of Santa Clara (the "County") (collectively, "Defendants") for causes of action arising out of Salas' denial of Plaintiff's job application. Before the Court are Plaintiff's Motion to Remand (ECF No. 11) and Defendants' Motion to Dismiss (ECF No.12). Having considered the submission of the parties, the relevant law, and the record in this case, the Court hereby (1) DENIES Plaintiff's motion to remand and (2) GRANTS Defendants' motion to dismiss with leave to amend.

**I. BACKGROUND**

**A. Factual Background**

At all times relevant to the instant action, Salas worked for the County of Santa Clara Employee Services Agency as a Senior Human Resources Analyst. ECF No. 1-1 at 33. On August

4, 2016, Plaintiff applied for an open position for "Senior Business Information Technology Consultant for the County of Santa Clara." *Id.* at 48. Then, on September 12, 2016, Salas sent an email informing Plaintiff that Plaintiff had failed to meet the experience requirements to qualify for the position. *Id.* at 30. On September 13, 2016, Plaintiff responded to Salas and requested clarification on "specifically what [Santa Clara County] recruiting finds unacceptable about the application." *Id.* at 32. On September 14, 2016, Salas responded that Plaintiff had failed to demonstrate "[f]ive (5) years of experience in the field of systems analysis, systems engineering, programming, data analysis, and/or database administration." *Id.* at 33. Salas also noted that "[o]ne (1) of the five (5) years of experience must include project management and leadership/mentoring of staff." *Id.* Shortly afterwards, Plaintiff responded to Salas and asserted that Plaintiff's application had indeed met the experience criteria recited by Salas. Salas did not respond to Plaintiff. Plaintiff alleges that by denying Plaintiff's job application, Defendants violated Title VII of the Civil Rights Act, 42 U.S.C. § 1981, and various state laws and county ordinances that prohibit discrimination. *Id.* at 10. Specifically, Plaintiff alleges that Defendants "with reckless indifference" discriminated against Plaintiff by "falsely denying eligibility" in violation of "County, State, and Federal laws that prohibit discrimination." *Id.*

**B. Procedural History**

On December 7, 2017, Plaintiff filed suit against Defendants in the Superior Court for the County of Santa Clara. *See* ECF No. 1 ("Notice of Removal") at 1. Plaintiff's complaint asserts seven causes of action: (1) general negligence; (2) intentional tort; (3) products liability; (4) discrimination in violation of the Title VII of the Civil Rights Act; (5) discrimination in violation of 42 U.S.C. § 1981(a); (6) discrimination in violation of California Government Code § 12965(b) and (7) discrimination in violation of Santa Clara County Ordinance § A25-124. ECF No. 1-1 at 10. On February 8, 2018, Salas removed the case to this Court.[1] Notice of Removal at 1. In the

---

[1] Prior to removal, the County had not been properly served. *See* ECF No. 30 at 5 (indicating that the County was served on March 20, 2018). The County has since been served and has entered an appearance in this case. *See* ECF No. 31.

2

Case No. 18-CV-00840-LHK
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

Notice of Removal, Salas refers to Plaintiff's complaint, which alleges discrimination claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Notice of Removal at 1. Based on these claims, Salas asserts that federal jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff's complaint "alleges violations of the laws of the United States and claims arising under federal law." *Id.* ¶ 4.

On February 15, 2018, Plaintiff filed a motion to remand. ECF No. 11. Salas opposed Plaintiff's motion to remand on March 1, 2018. ECF No. 20. On May 15, 2018, Plaintiff filed an "Update on Plaintiff's Motion to Remand." ECF No. 36. However, Plaintiff did not file a reply to Salas's opposition.

On February 15, 2018, Salas moved to dismiss Plaintiff's complaint. ECF No. 12. Plaintiff opposed Salas's motion to dismiss on February 26, 2018. ECF No. 16. Plaintiff then filed an amendment to Plaintiff's opposition to the motion to dismiss on February 27, 2018. ECF No.18. Salas then filed a reply on March 5, 2018. ECF No. 22. On March 22, 2018, Plaintiff filed a supplemental opposition to Salas's motion to dismiss. ECF No. 29. On April 5, 2018, the County joined Salas's motion to dismiss. ECF No. 31.

Plaintiff filed a supplement to his complaint on March 26, 2018. ECF No. 30. Salas filed an opposition to this supplement on April 5, 2018. ECF No. 32.

## II. LEGAL STANDARD

### A. Motion to Remand

A suit may be removed from state court to federal court only if the federal court would have subject matter jurisdiction over the case. 28 U.S.C. 1441(a); *see Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) ("Only state-court actions that ordinarily could have been filed in federal court may be removed to federal court by the defendant"). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal

statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

### B. Motion to Dismiss Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, see *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### C. Leave to Amend

4

Case No. 18-CV-00840-LHK
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

If the court concludes that a motion to dismiss should be granted, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (alteration in original).

## III. DISCUSSION

As discussed above, Defendants have moved to dismiss Plaintiff's complaint, and Plaintiff has moved to remand this action to state court. The Court first discusses Plaintiff's motion to remand and then discusses Defendants' motion to dismiss.

### A. Motion to Remand

In Plaintiff's motion to remand, Plaintiff argues that the Court should remand the instant case to Santa Clara County Superior Court because "compelling reasons" exist for the state courts to hear these claims. ECF No. 11 at 4. Salas asserts that subject matter jurisdiction is appropriate in this case based on federal question jurisdiction. The Court agrees with Salas.

Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action brought in state court but over which the federal courts would have original jurisdiction. If a court lacks subject matter jurisdiction over a removed action, that action must be remanded. 28 U.S.C. § 1447(c). This Court clearly has subject matter jurisdiction over the removed action based on federal question jurisdiction. A defendant may remove a case to federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 if "the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983). Here, Plaintiff's complaint asserts claims of discrimination under Title VII of the Civil

5
Case No. 18-CV-00840-LHK
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

Rights Act and 42 U.S.C. § 1981. *See* ECF No.1-1 at 10. Based on these claims, Plaintiff's action clearly arises under federal law, and this Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367. Indeed, Plaintiff even concedes in his "Update on Plaintiff's Motion to Remand" that "federal law provides grounds for Salas's removal of this case." ECF No. 36 at 5. Therefore, the Court has subject matter jurisdiction over the removed action. Accordingly, the Court DENIES Plaintiff's motion to remand.

### B. Motion to Dismiss Under Rule 12(b)(6)

In Defendants' motion to dismiss, Defendants argue that all of Plaintiff's causes of action should be dismissed. The Court finds that Plaintiff's complaint should be dismissed for failure to state any federal claims. The Court first addresses Plaintiff's two federal causes of action for violation of Title VII and 42 U.S.C. § 1981. Then, the Court addresses Plaintiff's state law claims.

#### 1. Federal Causes of Action

##### a. Title VII of the Civil Rights Act

Defendants argue that Plaintiff's Title VII claim should be dismissed because (1) Plaintiff has failed to exhaust his administrative remedies; and (2) Plaintiff's complaint fails to state a Title VII claim. The Court addresses each of these arguments in turn.

###### i. Exhaustion of Administrative Remedies

Plaintiff asserts a claim under Title VII, which makes it unlawful for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-(2)(a)(1). "In order to bring a Title VII claim in district court, a plaintiff must first exhaust [his] administrative remedies." *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001). In order to properly exhaust administrative remedies, a plaintiff must ordinarily file a charge with the Equal Employment Opportunity Commission ("EEOC") "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). However, if a plaintiff initially institutes a proceeding with a state or local agency with authority to grant relief from the allegedly unlawful employment practice, that plaintiff must file a charge with the EEOC within either (1) "three hundred days after the alleged unlawful

employment practice occurred" or (2) "thirty days after receiving notice that the state or local agency has terminated the proceedings under the State or local law, whichever is earlier." *Id.*

Plaintiff has dual filed a charge with the EEOC and the California Department of Fair Employment & Housing ("DFEH"). ECF No. 16, Exh. 1. Plaintiff has received a right-to-sue notice from the DFEH that gives Plaintiff the right to bring a civil action in California Superior Court "under the provisions of [California's] Fair Employment and Housing Act." *Id.* However, Plaintiff has not filed a right-to-sue notice from the EEOC stating that Plaintiff may bring a civil action under Title VII in court. Further, Plaintiff's complaint does not allege that he received such a notice. For purposes of ruling on Defendants' motion to dismiss, the Court will assume that Plaintiff has obtained a right-to-sue notice from the EEOC. However, Plaintiff's amended complaint must allege that Plaintiff received a right-to-sue notice from the EEOC, and attach such a notice, or the Court will dismiss Plaintiff's Title VII claim with prejudice in a subsequent motion to dismiss ruling.

### ii. Failure to State a Claim

In order to plead a prima facie case for a discriminatory refusal to hire claim under Title VII, a plaintiff must plead facts showing that: (1) the plaintiff belongs to a protected class; (2) the plaintiff was qualified for the position applied for; (3) the plaintiff was rejected for the position despite his qualifications; and (4) the position remained open. *Millsaps v. Pinal Cty. Superior Court*, 494 F. App'x. 821, 823 (9th Cir. 2012) (unpublished) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Further, although a plaintiff is not required to plead facts establishing a prima facie case of discrimination, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), the plaintiff still must allege sufficient facts to raise his claim "above the speculative level." *Twombly*, 550 U.S. at 557.

In the instant case, Plaintiff filed a state court form complaint with legal conclusions and no factual allegations. The *only* relevant allegation in Plaintiff's complaint is that Defendants "with reckless indifference" discriminated against Plaintiff by "falsely denying eligibility" in violation of "County, State, and Federal laws that prohibit discrimination." ECF No. 1-1 at 10.

7
Case No. 18-CV-00840-LHK
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

Plaintiff's allegation of discrimination is therefore utterly unsupported and conclusory. Plaintiff's complaint is devoid of any facts and does not even remotely suggest that Defendants' decision to reject Plaintiff's application was motivated by Plaintiff's membership in a protected class. Indeed, Plaintiff's complaint does not even allege that Plaintiff is a member of any protected class. Moreover, Plaintiff's opposition confirms that Plaintiff's complaint does not allege Plaintiff's membership in any protected class. ECF No. 18 at 10 ("[T]here exists no requirement in compliant employment processes necessitating information about one's traits, military status or demographic data."). Thus, Plaintiff has failed to allege any facts that plausibly suggest that Defendants discriminated against Plaintiff in violation of Title VII.

Accordingly, Defendants' motion to dismiss Plaintiff's Title VII claim is GRANTED. However, the Court affords Plaintiff leave to amend because Plaintiff may be able to allege sufficient facts to state a Title VII cause of action against Defendants. *See Lopez*, 203 F.3d at 1127 (holding that "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts" (internal quotation marks omitted)).[2]

### b. 42 U.S.C. § 1981(a)

Plaintiff also asserts a cause of action against Defendants for violation of 42 U.S.C. § 1981(a). Defendants argue that Plaintiff has failed to state a claim under § 1981 against Defendants. For the reasons discussed below, the Court agrees with Defendants.

---

[2] Because the Court agrees with Defendants that Plaintiff has failed to allege any facts that plausibly suggest that Salas's decision to reject Plaintiff's application was motivated by Plaintiff's membership in a protected class, the Court need not address Salas's alternative argument that Plaintiff's Title VII claim against Salas should be dismissed because individuals cannot be held liable under Title VII. Nonetheless, the Court notes that, even assuming Plaintiff asserts his Title VII claim against Salas in her official capacity—which is the only way Salas can be sued individually under Title VII, *see Ortez v. Washington Cty.*, 88 F.3d 804, 808 (9th Cir. 1996)—"the Ninth Circuit has held that when both an official and a government entity are named [in a Title VII claim], and the officer is named only in an official capacity, the court may dismiss the suit against the official as a redundant defendant." *Okemgbo v. Washington State Dep't of Ecology*, 2013 WL 633132, at *1 (E.D. Wash. Feb. 20, 2013) (citing *Ctr. for Bioethical Reform, Inc., v. L.A. Cty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2007)). Thus, Plaintiff's Title VII claim against Salas is duplicative of Plaintiff's Title VII claim against the County.

Section 1981(a) states that all persons within the United States "shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). This right includes "the right to the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship, including the relationship between employer and employee." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1122 (9th Cir. 2008). A claim under § 1981 must "initially identify an impaired contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). In a case with no existing contract, a plaintiff must establish that the defendant prevented the plaintiff from entering into a contractual relationship "for racially motivated reasons." *Id.* Section 1981 is implicated when "racial discrimination blocks the creation of a contractual relationship . . . so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Id.*

In the instant case, Plaintiff has alleged no facts that plausibly suggest that Salas rejected Plaintiff's job application—and therefore prevented Plaintiff from entering into an employment contract with the County of Santa Clara—"for racially motivated reasons." *Id.* As discussed above, Plaintiff's complaint contains only the conclusory allegation that Salas "with reckless indifference" discriminated against Plaintiff by "falsely denying eligibility" in violation of "County, State, and Federal laws that prohibit discrimination." ECF No. 1-1 at 10. Plaintiff's complaint is devoid of any facts that suggest that Plaintiff's race played any part in Salas's decision to reject Plaintiff's job application.

Accordingly, Defendants' motion to dismiss Plaintiff's claim for violation of 42 U.S.C. § 1981 is GRANTED. However, the Court affords Plaintiff leave to amend because Plaintiff may be able to allege sufficient facts to state a cause of action under § 1981 against Defendants. *See Lopez*, 203 F.3d at 1127 (holding that "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts" (internal quotation marks omitted)).[3]

---

[3] Because the Court agrees with Defendants that Plaintiff has failed to allege any facts that

### 2. State Law Causes of Action

Plaintiff's remaining claims are based on state law. Specifically, Plaintiff asserts five causes of action for (1) general negligence; (2) intentional tort; (3) products liability; (4) discrimination in violation of California Government Code § 12965(b); and (5) discrimination in violation of Santa Clara County Ordinance § A25-124. ECF No.1-1 at 10.

A federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Conversely, a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 937–38 (9th Cir. 2003) (as amended) (holding that Section 1367(c) grants federal courts the discretion to dismiss state law claims when all federal claims have been dismissed). In considering whether to retain supplemental jurisdiction, a court should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citations and internal quotation marks omitted). However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1553 n.4 (9th Cir. 1994) (emphasis omitted), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

---

plausibly suggest that Salas's decision to reject Plaintiff's application was racially motivated, the Court need not address Salas's alternative argument that Plaintiff's § 1981 claim against Salas should be dismissed because individuals cannot be held liable under § 1981. However, the Court notes that (1) "[t]he Ninth Circuit has not conclusively determined whether section 1981 imposes liability on individuals"; and (2) "virtually every other circuit to have considered this issue has concluded that individuals may be held liable under section 1981." *Thomas v. Starz Entm't LLC*, 2016 WL 844799, at *5 (C.D. Cal. Feb. 29, 2016). Salas cites *Dickerson v. California Waste Solutions*, 2009 WL 2913452, at *8 (N.D. Cal. Sep. 8, 2009), for the proposition that "individuals are not liable under Section 1981." ECF No. 12 at 8. Salas's argument is not well-taken. The *Dickerson* court found only that "Section 1981 does not provide a claim based on sex discrimination or sexual harassment," and did not express any view on the question of whether individuals can be held liable under § 1981.

Here, Plaintiff has failed to plead a viable federal cause of action. The factors of economy, convenience, fairness, and comity support dismissal of Plaintiff's remaining state law claims. This case is still at the pleading stage, and no discovery has taken place. Federal judicial resources are conserved by dismissing the state law claims at this stage. Moreover, the Court finds that dismissal promotes comity as it enables California courts to interpret questions of state law.

Accordingly, the Court declines to exercise supplemental jurisdiction over these claims, and instead DISMISSES Plaintiff's state law claims. The Court provides leave to amend because Plaintiff may be able to plead a federal cause of action that warrants the Court's exercise of supplemental jurisdiction.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiff's Motion to Remand, GRANTS the Defendants' Motion to Dismiss Plaintiff's federal causes of action with leave to amend, and DISMISSES Plaintiff's state law claims with leave to amend.

Should Plaintiff elect to file an amended complaint curing the deficiencies identified herein, Plaintiff shall do so within thirty days of this Order. Failure to meet this thirty-day deadline or failure to cure the deficiencies identified herein will result in a dismissal with prejudice of the deficient claims or theories.

Plaintiff's supplement to the complaint attempted to add County Executive Officer Jeffrey Smith as a defendant.  ECF No. 30 at 2.  That request is denied without prejudice.  Plaintiff may not add new causes of actions or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

The Court advises Plaintiff to contact Kevin Knestrick, the staff attorney for the Federal Pro Se Program, who has extensive federal litigation experience and can advise Plaintiff regarding the amendment of Plaintiff's complaint and the litigation of this case. Mr. Knestrick is located at the U.S. Courthouse, 280 S. 1st Street, 2nd Floor, Room 2070, San Jose, California 95113 and may be contacted at 408-297-1480.  Additional information regarding the Federal Pro Se Program is available at http://cand.uscourts.gov/helpcentersj.

**IT IS SO ORDERED.**

Dated: June 22, 2018

_____
LUCY H. KOH
United States District Judge