UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| EDWARD WIN, | Case No. 18-CV-00840-LHK |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE** |
| v. | |
| COUNTY OF SANTA CLARA and LAURA SALAS, | Re: Dkt. No. 52 |
| Defendants. | |

Plaintiff Edward S. Win ("Plaintiff"), proceeding *pro se*, sued Defendant Laura Salas ("Salas") and County of Santa Clara (the "County") (collectively, "Defendants") after Salas denied Plaintiff's job application. Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"), which was filed on July 26, 2018. ECF No. 52 ("Mot."). Plaintiff opposed on August 17, 2018. ECF No. 58 ("Opp'n"). Defendants replied on August 24, 2018. ECF No. 65 ("Reply"). Having considered the submission of the parties, the relevant law, and the record in this case, the Court GRANTS Defendants' Motion to Dismiss the FAC with prejudice.

1

# I. BACKGROUND

## A. Factual Background

At all times relevant to the instant action, Salas worked for the County of Santa Clara Employee Services Agency as a Senior Human Resources Analyst. ECF No. 1-1 at 33. On August 4, 2016, Plaintiff applied for an open position for "Senior Business Information Technology Consultant for the County of Santa Clara." *Id.* at 48. Then, on September 12, 2016, Salas sent an email informing Plaintiff that Plaintiff had failed to meet the experience requirements to qualify for the position. *Id.* at 30. On September 13, 2016, Plaintiff responded to Salas and requested clarification on "specifically what [Santa Clara County] recruiting finds unacceptable about the application." *Id.* at 32. On September 14, 2016, Salas responded that Plaintiff had failed to demonstrate "[f]ive (5) years of experience in the field of systems analysis, systems engineering, programming, data analysis, and/or database administration." *Id.* at 33. Salas also noted that "[o]ne (1) of the five (5) years of experience must include project management and leadership/mentoring of staff." *Id.* Shortly afterwards, Plaintiff responded to Salas and asserted that Plaintiff's application had indeed met the experience criteria recited by Salas. Salas did not respond to Plaintiff. Plaintiff alleges that by denying Plaintiff's job application, Defendants violated Title VII of the Civil Rights Act. ECF No. 49 at 2.

## B. Procedural History

On December 7, 2017, Plaintiff filed suit against Defendants in the Superior Court for the County of Santa Clara. *See* ECF No. 1 at 1. Plaintiff's initial complaint alleged that Defendants "with reckless indifference" discriminated against Plaintiff by "falsely denying eligibility" in violation of "County, State, and Federal laws that prohibit discrimination." ECF No. 1-1 at 10. Plaintiff asserted seven causes of action in his initial complaint: (1) general negligence; (2) intentional tort; (3) products liability; (4) discrimination in violation of the Title VII of the Civil Rights Act; (5) discrimination in violation of 42 U.S.C. § 1981(a); (6) discrimination in violation of California Government Code § 12965(b); and (7) discrimination in violation of Santa Clara County Ordinance § A25-124. *Id.* On February 8, 2018, Salas removed the case to this

2

Case No. 18-CV-00840-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE

1   Court. ECF No. 1 at 1.

2   On February 15, 2018, Plaintiff filed a motion to remand. ECF No. 11. Salas opposed Plaintiff's motion to remand on March 1, 2018. ECF No. 20. On May 15, 2018, Plaintiff filed an "Update on Plaintiff's Motion to Remand." ECF No. 36. However, Plaintiff did not file a reply to Salas's opposition. On February 15, 2018, Salas moved to dismiss Plaintiff's Complaint. ECF No. 12. Plaintiff opposed Salas's Motion to Dismiss on February 26, 2018. ECF No. 16. Plaintiff then filed an amendment to Plaintiff's Opposition to the Motion to Dismiss on February 27, 2018. ECF No. 18. Salas then filed a reply on March 5, 2018. ECF No. 22. On March 22, 2018, Plaintiff filed a Supplemental Opposition to Salas's motion to dismiss. ECF No. 29. On April 5, 2018, the County joined Salas's Motion to Dismiss. ECF No. 31. Plaintiff filed a supplement to his complaint on March 26, 2018. ECF No. 30. Salas filed an opposition to this supplement on April 5, 2018. ECF No. 32.

On June 22, 2018, the Court denied Plaintiff's Motion to Remand and granted Defendants' Motion to Dismiss all of Plaintiff's claims with leave to amend. ECF No. 45 ("June 22, 2018 Order").

On July 12, 2018, Plaintiff filed a Motion to Strike, ECF No. 46, and on August 22, 2018, Plaintiff filed a Motion to Initiate ADR ENE, ECF No. 62. The Court denied both motions on August 23, 2018. ECF No. 64.

On July 12, 2018, Plaintiff filed his FAC and reasserted only his claim for discriminatory refusal to hire in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-(2)(a). ECF No. 49 ("FAC"). Defendants moved to dismiss Plaintiff's FAC on July 26, 2018. *See* Mot. In the meantime, Plaintiff filed a Notice of Appeal. ECF No. 53. On August 17, 2018, Plaintiff filed his Opposition to Defendants' Motion to Dismiss. *See* Opp'n. On August 21, 2018, the Ninth Circuit found that the challenged order was not final or appealable and dismissed Plaintiff's appeal. ECF No. 61. The Defendants replied to Plaintiff's Opposition on August 24, 2018. *See* Reply.

3

Case No. 18-CV-00840-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, see *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the court concludes that a motion to dismiss should be granted, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave

4

to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (alteration in original).

**III. DISCUSSION**

In its June 22, 2018 Order, the Court granted Defendants' first Motion to Dismiss all of Plaintiff's causes of action with leave to amend. ECF No. 45 at 6–12. Plaintiff filed an amended complaint and reasserted only his claim for discriminatory refusal to hire in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-(2)(a). Defendants now move to dismiss Plaintiff's FAC on the grounds that Plaintiff's Title VII claim suffers from the same deficiencies that plagued the claim in the initial complaint. After reviewing Plaintiff's FAC, the Court agrees with Defendants that Plaintiffs' FAC fails to address the deficiencies identified by the Court in the June 22, 2018 Order.

In particular, in dismissing Plaintiff's claim for a discriminatory refusal to hire under Title VII in the June 22, 2018 Order, the Court explained to Plaintiff that his original complaint was "devoid of any facts suggesting that Defendants' decision to reject Plaintiff's application was motivated by Plaintiff's membership in a protected class." ECF No. 45 at 8. The Court wrote: "Indeed, Plaintiff's complaint does not even allege that Plaintiff is a member of any protected class." *Id.* The Court warned Plaintiff that "failure to cure the deficiencies identified [in this Order] will result in a dismissal with prejudice of the deficient claims or theories." *Id.* at 11.

As the Court discussed in the June 22, 2018 Order, in order to plead a prima facie class for a discriminatory refusal to hire claim under Title VII, a plaintiff must plead facts showing that: (1)

5

Case No. 18-CV-00840-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE

the plaintiff belongs to a protected class; (2) the plaintiff was qualified for the position applied for; (3) the plaintiff was rejected for the position despite his qualifications; and (4) the position remained open. *Millsaps v. Pinal Cty. Superior Court*, 494 F. App'x. 821, 823 (9th Cir. 2012) (unpublished) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Further, although a plaintiff is not required to plead facts establishing a prima facie case of discrimination, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), the plaintiff still must allege sufficient facts to raise his claim "above the speculative level." *Twombly*, 550 U.S. at 557.

Here, Plaintiff's FAC again fails to allege facts to raise his claim above the speculative level. *See Twombly*, 550 U.S. at 557. Plaintiff's FAC states only that "Defendant's conduct may be discriminatory with respect to the following:" "Race or color," "National origin," Sex, gender," and "Age." FAC at 4. These allegations are unsupported and conclusory.

Moreover, instead of alleging that Defendants' decision to reject Plaintiff's application was motived by Plaintiff's membership in a protected class, Plaintiff alleges only facts about Defendant Salas's personal characteristics and his differences from Salas, and Plaintiff fixates on Salas's gender and what he speculates to be her race. *See* FAC at 5. Plaintiff states:

> To elaborate, the County ESA worker, point of contract for the County requisitions [(Salas)] appears not to be of the same protected classes (race, national origin) or sex as Plaintiff. The claim, whose protected class is **race** or **color**, is made evident through consideration and analysis for surnames. Defendant, the subject County worker's name, is Salas. Etymology suggests Salas is of Spanish descent. Next, to consider **national origin**, let it be known that Plaintiff is a citizen of the US and whose national origin is a foreign country, not of Spanish heritage. We don't know the national origin of Defendant but one could speculate it would be where Spanish is a component. One more claim or possible cause of discriminatory practice by the Defendant is that we are not the same **gender**. I am male. It is evident by her physical features, heavyset curvilinear appearance, womanly office worker voice yet effervescent tone in person and on the telephone, the Defendant presents herself to be female. These variations of personal attributes and traits can cause shifting values, affinities, loyalties, affiliations, interests and goals.

FAC at 5 (emphasis in original). These allegations do not support Plaintiff's Title VII claim.

Plaintiff makes no allegation that Salas or any other County employee *was aware* of Plaintiff's gender, race, age, or national origin at the time the hiring decision was made.

6

Case No. 18-CV-00840-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE

Significantly, Plaintiff fails to allege that Defendants' decision to reject Plaintiff's application was motived by Plaintiff's membership in a protected class. In fact, Plaintiff alleges exactly the opposite: "Plaintiff makes no pretense to know what goes on in the mind of the Defendant when the County or its personnel perform work." FAC at 4. Plaintiff's allegations are therefore insufficient. *See Twombly*, 550 U.S. at 557.

In light of Plaintiff's failure to plead sufficient facts to state a claim for discriminatory refusal to hire under Title VII, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's FAC.

Moreover, "the Ninth Circuit has held that when both an official and a government entity are named [in a Title VII claim], and the officer is named only in an official capacity, the court may dismiss the suit against the official as a redundant defendant." *Okemgbo v. Washington State Dep't of Ecology*, 2013 WL 633132, at *1 (E.D. Wash. Feb. 20, 2013) (citing *Ctr. for Bioethical Reform, Inc., v. L.A. Cty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2007)). The Court agrees with Defendants that Plaintiff must be suing Salas in her official capacity because an individual can be sued under Title VII only in her official capacity. *See Ortez v. Washington Cty.*, 88 F.3d 804, 808 (9th Cir. 1996) ("[W]e affirm the dismissal of those claims because employees cannot be held liable in their individual capacities under Title VII."). Thus, Plaintiff's Title VII claim against Salas is duplicative of Plaintiff's Title VII claim against the County and must be dismissed on this additional ground as well.

The Court finds that leave to amend would be futile. *See Leadsinger, Inc.*, 512 F.3d at 532. Plaintiff has had two opportunities to clearly state and allege facts in support of his claim. In the June 22, 2018 Order, the Court specifically identified the deficiencies in Plaintiff's complaint and warned that "failure to cure the deficiencies identified [in this Order] will result in a dismissal with prejudice of the deficient claims or theories." ECF No. 45 at 11. However, Plaintiff failed to cure the deficiencies identified in the June 22, 2018 Order.

Additionally, instead of explaining in the Opposition why his allegations are not deficient,

7

Case No. 18-CV-00840-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE

Plaintiff only complains that this Court is "being complicit with those who violate laws through discrimination . . . as Plaintiff proves using concrete facts," and effectively asks again for a remand to state court. Opp'n at 4–5. For instance, Plaintiff states: "[I]f this Court does not recognize or cannot accept the US EEOC federal agency's definition of "discrimination" that includes harassment among the full extent of the Law, as legislatures ratify and Plaintiff presents, this CA ND Court does not or would not qualify to preside nor have legitimate jurisdiction." Opp'n at 4.

Moreover, the Court notes that Plaintiff's Opposition includes some incomprehensible language:

> Defense Counsel attempts to use faulty logic as if to blow the minds of "fembots" as in *Six Million Dollar Man* and *Bionic Woman*. Defense Counsel allegedly thinks bad logic (and what causes circuitry, logic boards of "female robots" and silicon wafers to catch fire, burn and some on these television action series) will distract us and perhaps disrupt "feminine sensibilities" of minds long enough to *pull a rabbit out of his hat*; that is, to convince US Courts Judges and stakeholder's to simply forgive violations of laws, lodge pleadings for dismissal and forget injuries put upon constituents (county, regional and global) and Plaintiff.

Opp'n at 58.

Accordingly, the Court finds that amendment would be futile and that requiring Defendants to have to repeatedly move to dismiss the same unmeritorious claim would cause undue prejudice to the Defendants. *Leadsinger, Inc*, 512 F.3d at 532. Finding amendment to be futile and unduly prejudicial, the Court GRANTS Defendants' Motion to Dismiss the FAC with prejudice.

**IV. CONCLUSION**

For the foregoing reasons, Court GRANTS Defendants' Motion to Dismiss the FAC with prejudice.

**IT IS SO ORDERED.**

Dated: October 29, 2018

8

Case No. 18-CV-00840-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE

_____

LUCY H. KOH
United States District Judge